IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES HOLT, ) | |
| ) | |
| Petitioner, ) | No. 3:09-00077 |
| ) | JUDGE HAYNES |
| v. ) | |
| ) | |
| JAMES FORTNER, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

Petitioner, James Holt, filed this action under 28 U.S.C. § 2254 seeking the writ of habeas corpus to set aside his conviction for second degree, based upon his guilty plea, for which he received a sentence of forty years. Petitioner pled guilty in 1992. Petitioner filed this action on January 23, 2009.

In earlier proceedings, the respondent filed a motion to dismiss on grounds of the untimeliness of this action, the Court denied that motion citing the need for an evidentiary hearing on equitable tolling. The Court set an evidentiary hearing and set forth below are the Court's findings of fact and conclusions of law.

**A. Review of the State Record**

On April 2, 1992, Petitioner was indicted for first degree murder. Holt v. State, No. M2006-02159-CCA-R3-PC, 2007 WL 2295588, at * 1 (Tenn. Crim. App. Aug. 7, 2007). On October 19, 1992, Petitioner entered his guilty plea to second degree murder and was sentenced the same day as a Range II multiple offender to a term of forty years. Id. On May 9, 2006, Petitioner filed his state post-conviction petition that the state trial court dismissed as untimely and for the lack of any showing to justify the untimeliness under state law. Id. On appeal, the

Tennessee Court of Criminal Appeals affirmed on August 7, 2007. Id. On January 28, 2008, the Tennessee Supreme Court denied Petitioner's application for permission to appeal. Id. On January 23, 2009, Petitioner filed this action.

### B. Review of the Federal Habeas Record

At the evidentiary hearing in this action, Petitioner testified only about his trial counsel's lack of clarity on his advice about the guilty plea. Petitioner testified that his state trial counsel spent only 45 minutes with him prior to his guilty plea. On cross examination, Petitioner admitted to the trial court's colloquoy with him about his guilty plea.

### C. Conclusions of Law

The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. Section 2244(d)(1), provides that a person convicted in state court has one (1) year from the time his conviction becomes final on direct appeal to file a federal petition. In Lindh v. Murphy, 521 U.S. 320, 327-29 (1997) the Supreme Court held that the AEDPA was to be applied prospectively, i.e., beginning after April 24, 1996. Where a federal habeas action is stayed pending exhaustion of state court remedies, the federal limitations period is tolled. Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). Aside from the "stay and abeyance" rule, the federal limitations period can be equitably tolled under the Court's equitable jurisdiction. Souter v. Jones, 395 F.3d 577, 599-600 (6th Cir. 2005).

In addition, under 28 U.S.C. § 2244(d)(2), "the time <u>during which a properly filed application for State post-conviction</u> or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). "The [statutory] tolling provision does

2

not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003) (quoting Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998)). "[A]n application for post-conviction relief is 'properly filed' within the meaning of § 2244(d)(2) 'when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, ... the time limits upon its delivery.'" Id. at 603 (quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)).

In Vroman, the habeas petitioner asserted that his state post-conviction petition was timely under Ohio law and thus, tolled the federal statute of limitations for his federal habeas action. Id. at 602. In Vroman, the Sixth Circuit ruled that unless the State post-conviction proceedings effectively tolled the federal habeas limitations period, Plaintiff's federal claim was untimely because, "[t]he timeliness of an Ohio prisoner's post-conviction petition is governed by state statute." Id. at 603. As that Court explained:

> "[F]ederal courts ... defer to a state court's judgment on issues of state law and, more particularly, on issues of state procedural law." Israfil, 276 F.3d at 771; see also Godfrey v. Beightler, 54 Fed.Appx. 431, 2002 WL 31805606, at *2 (6th Cir. Dec.10, 2002) (stating that "federal courts defer to the state court's interpretation of state filing requirements"). In Israfil, the Sixth Circuit held that "[b]ecause state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and its rules of practice." 276 F.3d at 771 (citations omitted). Therefore, the Israfil court concluded that the district court properly deferred to the Ohio state court's finding as to whether the petitioner's post-conviction motion had been submitted according to Ohio's timeliness requirements. Id. at 771-72; see also Raglin, 10 Fed.Appx. 314, 2001 WL 523530, at *1 (holding that "untimely state collateral attacks are not properly filed and do not toll the statute of limitations" and therefore concluding that the petitioner's post-conviction petition did not toll the statute of limitations because it was dismissed as untimely under Ohio law). Here, as in Israfil, the district court

properly concluded that Ohio's determination of whether Vroman's post-conviction petition was properly filed governs whether such action tolls the statute of limitations under § 2244(d)(2).

Id. at 603.

The Sixth Circuit emphasized that "[t]his court . . . does not function as an additional state appellate court reviewing state court decisions on state law or procedure. Federal courts are obligated to accept as valid a state court's interpretation of state law and rules of practice of that state." Vroman, 346 F.3d at 604 (citations omitted).

Applying Vroman, the Court concludes that the timeliness of the Petitioner's state post-conviction petition is governed by the state courts' determinations. Without a timely state post-conviction petition, there was not any tolling of the federal habeas statute of limitations. Petitioner did not file this action within one year after that his conviction became final and thus, this action is untimely under 28 U.S.C. § 2244(d). To be sure, the federal habeas action is subject to equitable tolling that is a judicial doctrine excusing the literal enforcement of the federal habeas statute of limitations. Souter, 395 F.3d at 599-60. Yet, the tolling doctrine is invoked only in "rare" and "exceptional circumstances." Id. at 597. As applied here, Petitioner did not submit any proof to warrant the application of the equitable tolling doctrine.

Thus, the Court concludes that this action should be dismissed as untimely under the federal statute of limitations for habeas actions.

An appropriate Order is filed herewith.

**ENTERED** this the 12th day of March, 2012.

WILLIAM J. HAYNES, JR.
United States District Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES HOLT, | ) | |
| | ) | |
| Petitioner, | ) | NO. 3:09 CV 0077 |
| | ) | JUDGE HAYNES |
| v. | ) | |
| | ) | |
| JAMES FORTNER, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

In accordance with the Memorandum filed herewith, this action is **DISMISSED** as untimely under 28 U.S.C. § 2244(d)(1) and (2). The Court **DECLINES** to grant a Certificate of Appealability under 28 U.S.C. § 2253(c) on the application of the equitable tolling doctrine to render Petitioner's claims timely.

It is so **ORDERED**.

**ENTERED** this the ___12th___ day of March, 2012.

William J. Haynes, Jr.
United States District Judge